IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDY KEETH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. CIV-11-828-C |
| ) | |
| TERUMO MEDICAL CORPORATION, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as a medical device sales representative. In this position, Plaintiff was responsible for calling on various doctors in her region and attempting to "sell" them Defendant's products. Plaintiff began employment with Defendant in 2008. According to Plaintiff, from the very beginning of her employment she has been subjected to unwelcome sexual harassment. After repeated requests to Defendant to stop the harassment Plaintiff determined that no action was going to be taken by Defendant and she began pursuing legal remedies. Ultimately Plaintiff filed the present action asserting violation of 42 U.S.C. §§ 2000e et seq. ("Title VII"), raising hostile environment, sex discrimination and retaliation claims, and a state law tort claim alleging intentional infliction of emotional distress ("IIED").

Arguing that Plaintiff's IIED claim fails to state a claim for relief, Defendant filed the present motion pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD OF REVIEW**

Defendants' request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to examine the well-pled allegations in Plaintiff's Complaint and determine if those allegations state a plausible claim for relief. The Court must examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl.Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

**DISCUSSION**

To establish her IIED claim Plaintiff must plead and prove outrageous conduct and severe emotional distress. See Zeran v. Diamond Broad., Inc., 203 F.3d 714, 720 (10th Cir. 2000). In considering IIED claims, the Court acts as a gatekeeper, making an initial determination about the validity of Plaintiff's claim before sending it to the jury.

> The court, in the first instance, must determine whether the defendant's conduct may reasonably be regarded so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where, under the facts before the court, reasonable persons may differ, it is for the jury, subject to the control of the court, to determine whether the conduct in any given case has been significantly extreme and outrageous to result in liability. Likewise, it is for the court to determine, in the first instance, whether based upon the evidence presented, severe emotional distress can be found. It is for the jury to determine whether, on the evidence, severe emotional distress in fact existed.

Breeden v. League Servs. Corp., 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377-78 (Okla. 1978) (footnote omitted).  Here, the Court finds Plaintiff has failed to plead facts demonstrating that Defendant's actions were extreme or outrageous.  While Plaintiff has raised allegations that Defendant's conduct was distasteful, boorish, and lacked common courtesy, she has not pled facts showing the conduct was so extreme and outrageous as to be beyond all possible bounds of decency.  See Eddy v. Brown, 1986 OK 3, ¶ 7, 715 P.2d 74, 77 (Okla. 1986):

> Conduct which, though unreasonable, is neither "beyond all possible bounds of decency" in the setting in which it occurred, nor is one that can be "regarded as utterly intolerable in a civilized community," falls short of having actionable quality.  Hurt feelings do not make a cause of action under the tort-of-outrage rubric.

Plaintiff's IIED claim also fails the second element.  What constitutes severe emotional distress is restricted.  Indeed, in Zeran, the Tenth Circuit upheld the district court's finding of no IIED claim where the plaintiff had suffered anxiety attacks, received threatening and abusive telephone calls, sought medical care, and began taking a prescription drug for his anxiety.  Zeran, 203 F.3d at 721.  Courts have repeatedly held that the suffering must be extreme or utterly intolerable in a civilized society.

> "[I]n order to prevent the tort of outrage from becoming a panacea for all of life's ills, recovery must be limited to distress that is severe."  In other words, the distress must be of such a character that "no reasonable person could be expected to endure it."  Such distress is often accompanied by "shock, illness, or other bodily harm," but bodily harm is not a prerequisite for demonstrating severe emotional distress.

Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1389 (10th Cir. 1991) (internal citations omitted).  Here, although Plaintiff offers assertions that she suffered from various physical

3

maladies as a result of Defendant's conduct, she has failed to offer non-conclusory allegations from which a reasonable jury could find that her distress was severe. Accordingly, Defendant is entitled to dismissal on Plaintiff's claim for intentional infliction of emotional distress.[*]

Although it appears unlikely, given the setting and the nature of the conduct, that Plaintiff can meet the above-noted standards and plead a valid IIED claim, the Court will dismiss without prejudice and permit Plaintiff to amend if she believes she can state a valid claim.

## CONCLUSION

As set forth more fully herein, Defendant's Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim (Dkt. No. 16) is GRANTED. Plaintiff's claim for intentional infliction of emotional distress is DISMISSED without prejudice. If Plaintiff wishes to pursue this claim further, she must file an Amended Complaint within 10 days of the date of this Order.

IT IS SO ORDERED this 1st day of February, 2012.

_____
ROBIN J. CAUTHRON
United States District Judge

---

[*] Because Plaintiff has failed to plead facts establishing an IIED claim, it is not necessary to determine if she has adequately pleaded that claim against Defendant or if she must pursue the claim against the individual harasser.